**IN UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JOSEPH R. KARSNER, IV
2294 Lighthouse Lane
Connolly Springs, North Carolina 28612

Petitioner

v.

C. WARREN JENKINS
3317 Magnolia Avenue
Falls Church, Virginia 22041

Serve on:

William B. Young, Jr., Esq.
Colling, Gilbert, Wright & Carter
2301 Maitland Center Parkway, Suite 240
Maitland, Florida 32751

and

FINRA[1]
1735 K Street, N.W.
Washington, D.C. 20006

Respondents

Civil Action No.:

**PETITION TO CONFIRM ARBITRATION AWARD**

Petitioner Joseph R. Karsner, IV ("Petitioner") by undersigned counsel hereby submits the following Petition to Confirm Arbitration Award and states as follows:

1. Counsel for Respondent Jenkins has agreed to accept service for him and *does not* oppose this Petition.

[1] FINRA, the Financial Industry Regulatory Authority, was formerly known as the National Association of Securities Dealers ("NASD").

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332 because it involves a controversy between citizens of different states and the amount in controversy exceeds $75,000. *See* Exhibit 1.

3. The instant matter was originally a private arbitration action initiated by Respondent C. Warren Jenkins against the Petitioner with the National Association of Securities Dealers ("NASD") in the District of Columbia. The action had the NASD Case Number 05-00940.[2]

4. The action was scheduled for an arbitration but was resolved prior to the arbitration.

5. After resolution of the case, the parties submitted a Stipulated Award to the NASD's own three-member arbitration panel overseeing this action.

6. In November of 2006, the NASD's own arbitration panel finalized the Stipulated Award, thereby granting all of the relief set forth therein, including an order of expungement. (*See* Stipulated Award at page 2, attached hereto as Exhibit 1.)

7. At present, no party or third party to the action has sought to modify or vacate this Stipulated Award.

8. Under NASD Rule 10330, any Stipulated Award "may be entered as a judgment in any court of competent jurisdiction." (*See* NASD Rule 10330.)

---

[2] A number of lawsuits were filed against Respondent Karsner by disgruntled investors who later determined that that their claims against Karsner were without merit. This Court has already granted Respondent's Petition to Confirm a nearly identical Stipulated Award in the case styled *Karsner v. Lothian et al.*, Civil Action No.: 1:07-cv-00334 (RJL) and in the case styled *Karsner v. Simpson et al.*, Civil Action No.: 1:07-cv-378. Respondent will be filing a number of additional Petitions to Confirm Stipulated Awards where the NASD arbitration panels determined that the claims against Karsner were without merit and should be expunged from his securities record.

9. Section 9 of the Federal Arbitration Act, 9 USC §9, gives this Court the authority to confirm the Stipulated Award entered in this action and which is attached hereto.

10. The confirmation of an already-entered Stipulated Award is perfunctory, a summary proceeding that merely makes what is already a final arbitration award a judgment of the court. *See Barbier v. Shearson Lehman Hutton, Inc.*, 752 F.Supp. 151, 159 (S.D.N.Y. 1990) (citing *Florasynth, Inc. v. Pockholz*, 750 F.2d 171 (2d Cir. 1984)).

11. Indeed, the ability of a court to do anything other than confirm a Stipulated Award is strictly curtailed so as not to frustrate the reason for arbitration, namely the disposition of cases quickly and efficiently. *See Barbier*, at 159.

12. In this case, all of the conditions precedent for a confirmation of the attached Stipulated Award are present.

13. Both parties to this case agreed with all of the relief set forth in the Stipulated Award and the NASD's own three-member arbitration panel executed the Stipulated Award and agreed to all of the relief set forth therein.

14. Further, no party moved to modify or vacate the attached Stipulated Award within the three month time period set forth in 9 U.S.C. §12.

15. In light of the above, Petitioner requests that this Court confirm the attached Stipulated Award and direct an entry of judgment confirming same.

WHEREFORE, Petitioner requests that this Court confirm the attached Stipulated Award and direct an entry of judgment confirming same.

Respectfully submitted,

George S. Mahaffey Jr., Esq. (#MD15083)
Jeffrey J. Hines, Esq. (#406090)
Christopher Corchiarino, Esq.
Goodell, DeVries, Leech & Dann, L.L.P.
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4993
(410) 783-4040

Richard J. Magid, Esq.
Whiteford, Taylor & Preston, LLP
7 Saint Paul Street
15th Floor
Baltimore, MD 21202-1697
(410) 347-8716

*Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th of November 2007, a copy of the foregoing was sent via first class mail to the following:

B.G. Brooks, Esquire
Terri Reicher, Esquire
FINRA
1735 K Street, N.W.
Washington, D.C. 20006
*Counsel for FINRA*

William B. Young, Jr., Esquire
Colling, Gilbert, Wright & Carter
2301 Maitland Center Parkway, Suite 240
Maitland, Florida 32751
*Counsel for the Respondent Jenkins*

George S. Mahaffey Jr.

**902541**

Stipulated Award
NASD Dispute Resolution

---

C. Warren Jenkins v. Legacy Financial Services, Inc. and Joseph R. Karsner, IV

Case Number: 05-00940 Hearing Site: Washington, DC

---

Nature of the Dispute: Customer vs. Member and Associated Person.

## REPRESENTATION OF PARTIES

Claimant, C. Warren Jenkins, hereinafter referred to as "Claimant", was represented by William B. Young, Jr., Esq., Hooper & Weiss, L.L.C., Orlando, Florida.

Respondents Joseph R. Karsner, IV ("Karsner") and Legacy Financial Services, Inc. ("Legacy"), hereinafter collectively referred to as "Respondents", were represented by Christopher M. Corchiarino, Esq. and George S. Mahaffey Jr., Esq., Goodell, Devries, Leech & Dann, LLP, Baltimore, Maryland.

## CASE INFORMATION

Statement of Claim filed on February 16, 2005.
Claimants filed a Response to Respondents' Motion to Dismiss on April 29, 2005.
Claimant filed an Amended Statement of Claim on April 26, 2005.
Claimant signed the Uniform Submission Agreement on December 2, 2005.
Statement of Answer filed by Respondents on April 13, 2005.
Respondents filed a Response to Claimant's Amended Statement of Claim on May 4, 2005.
A representative of Respondent Legacy executed the Uniform Submission Agreement on April 12, 2005.
Respondent Karsner signed the Uniform Submission Agreement on April 12, 2005.

## CASE SUMMARY

Claimant asserted the following causes of action, among others: negligence, breach of contract, breach of fiduciary duty, *respondeat superior*, violation of NASD conduct rules, failure to supervise, unsuitability, omissions/misrepresentation, fraudulent inducement, and common law fraud. The causes of action relate to the purchase of American Skandia Advisor Funds.

Unless specifically admitted in their Statement of Answer, Respondents denied the allegations of wrongdoing set forth in the Statement of Claim and asserted



the following defenses, among others: failure to state a claim upon which relief can be granted, assumption of risk, negligence, doctrine of waiver and estoppel, any damages suffered by Claimant were the result of third parties' actions, failure to mitigate damages, and Maryland statute of limitations.

## RELIEF REQUESTED

Claimant requested: compensatory damages in the amount of $ 90,352.00, attorneys' fees, costs, interest, punitive damages and such other relief as is just and proper.

Respondents requested dismissal of the Statement of Claim and Amended Statement of Claim in their entirety, attorneys' fees, forum fees, and such other relief as is just and proper.

## OTHER ISSUES CONSIDERED AND DECIDED

On September 14, 2005, the Arbitration Panel (the "Panel") granted Respondents' Motion to Dismiss in part and denied the Motion to Dismiss in part.

On August 4, 2006, the parties advised that they had resolved this matter. Pursuant to this resolution, Claimant has agreed to dismissal with prejudice of his claims. Further, the parties agreed that the Respondents are not liable for the counts listed in the Statement of Claim, that the investments at issue were suitable, and that the Stipulated Award for this matter may be executed in counterpart copies.

## AWARD

The parties entered into an agreement to present to the Panel a Stipulated Award. Upon motion of both Respondents for a Stipulated Award and Claimant's agreement, as a result of information and documents obtained during the discovery process, that all investments at issue were suitable and that the Respondents are not liable for any of the counts in the Statement of Claim and Amended Statement of Claim, the Panel finds that the claims, allegations and information contained in the Statement of Claim and Amended Statement of Claim are clearly erroneous and that the Respondents were not involved in the alleged investment-related sales practice violations and hereby grants the parties' motion and enters this award granting the following relief:

1. Pursuant to the agreement reached between all parties, all claims against Respondents are dismissed with prejudice;

2. The Panel recommends the expungement of all reference to the above captioned arbitration from Respondent Karsner's registration records maintained by the Central Registration Depository ("CRD"), with the

understanding that pursuant to NASD Notices to Members 04-16, Respondent Karsner must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.

Unless specifically waived in writing by the NASD, parties seeking judicial confirmation of an arbitration award containing expungement relief must name NASD as an additional party and serve NASD with all appropriate documents.

Pursuant to Rule 2130 of the NASD Code of Arbitration Procedure, the arbitration panel has made the following affirmative findings of fact:

The claims, allegations and information contained in the Statement of Claim and Amended Statement of Claim are clearly erroneous and the registered person was not involved in the alleged investment-related sales practice violations.

3. The parties shall bear their respective costs, including attorneys' fees, except as Fees are specifically addressed below; and,

4. Any and all relief not specifically addressed herein, including punitive damages, is denied.

## FEES

Pursuant to the Code, the following fees are assessed:

**Filing Fees**
NASD Dispute Resolution will retain or collect the non-refundable filing fees for each claim:

| | |
|---|---|
| Initial claim filing fee | = $ 225.00 |

**Member Fees**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person(s) at the time of the events giving rise to the dispute. In this matter, the member firm is a party.

| | |
|---|---|
| Member Surcharge | = $ 1,100.00 |
| Pre-Hearing Process Fee | = $ 750.00 |
| Hearing Process Fee | = $ 1,700.00 |
| Total Member Fees | = $ 3,550.00 |

**Three-Day Cancellation Fees**
Fees apply when a hearing on the merits is postponed or settled within three business days before the start of a scheduled hearing session:

| | |
|---|---|
| August 7-9, 2006 settled by all parties | = $ 300.00 |

## Forum Fees and Assessments

The Panel assesses forum fees for each hearing session conducted. A hearing session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s), that lasts four (4) hours or less. Forum fees associated with these proceedings are:

Three (3) Pre-hearing conference sessions with the Panel @ $ 750 = $ 2,250.00

| | | | |
|---|---|---|---|
| Pre-hearing conferences: | August 3, 2005 | 1 session | |
| | August 30, 2005 | 1 session | |
| | September 14, 2005 | 1 session | |
| Total Forum Fees | | | = $ 2,250.00 |

1. The Panel has assessed $ 750.00 of the forum fees to Claimant.
2. The Panel has assessed $ 750.00 of the forum fees to Respondent Legacy.
3. The Panel has assessed $ 750.00 of the forum fees to Respondent Karsner.

## Fee Summary

1. Claimant is solely liable for:

| | |
|---|---|
| Initial Filing Fee | = $ 225.00 |
| Three-Day Cancellation Fee | = $ 100.00 |
| Forum Fees | = $ 750.00 |
| Total Fees | = $ 1,075.00 |
| Less payments | = $ 975.00 |
| Balance Due NASD Dispute Resolution | = $ 100.00 |

2. Respondent Legacy is solely liable for:

| | |
|---|---|
| Member Fees | = $ 3,550.00 |
| Three-Day Cancellation Fee | = $ 100.00 |
| Forum Fees | = $ 750.00 |
| Total Fees | = $ 4,400.00 |
| Less payments | = $ 3,550.00 |
| Balance Due NASD Dispute Resolution | = $ 850.00 |

3. Respondent Karsner is solely liable for:

| | |
|---|---|
| Three-Day Cancellation Fee | = $ 100.00 |
| Forum Fees | = $ 750.00 |
| Total Fees | = $ 850.00 |
| Less payments | = $ 0.00 |
| Balance Due NASD Dispute Resolution | = $ 850.00 |

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

## ARBITRATION PANEL

| | | |
|---|---|---|
| John Leonard Young, Esq. | - | Public Arbitrator, Presiding Chair |
| Stephen Paul Carrier | - | Public Arbitrator |
| Daniel T. McHugh | - | Non-Public Arbitrator |

**Concurring Arbitrators' Signatures**

/s/
John Leonard Young, Esq.
Public Arbitrator, Presiding Chair

Signature Date

/s/
Stephen Paul Carrier
Public Arbitrator

Signature Date

/s/
Daniel T. McHugh
Non-Public Arbitrator

Signature Date

November 9, 2006
Date of Service (For NASD office use only)

## ARBITRATION PANEL

John Leonard Young, Esq. - Public Arbitrator, Presiding Chair
Stephen Paul Carrier - Public Arbitrator
Daniel T. McHugh - Non-Public Arbitrator

Concurring Arbitrators' Signatures

[signature]
John Leonard Young, Esq.
Public Arbitrator, Presiding Chair

Aug. 24, 2006
Signature Date

Stephen Paul Carrier
Public Arbitrator

Signature Date

Daniel T. McHugh
Non-Public Arbitrator

Signature Date

Date of Service (For NASD office use only)

## ARBITRATION PANEL

| | | |
|---|---|---|
| John Leonard Young, Esq. | - | Public Arbitrator, Presiding Chair |
| Stephen Paul Carrier | - | Public Arbitrator |
| Daniel T. McHugh | - | Non-Public Arbitrator |

**Concurring Arbitrators' Signatures**

John Leonard Young, Esq.
Public Arbitrator, Presiding Chair

Signature Date

Stephen Paul Carrier
Public Arbitrator

8 Nov 06
Signature Date

Daniel T. McHugh
Non-Public Arbitrator

Signature Date

Date of Service (For NASD office use only)

## ARBITRATION PANEL

John Leonard Young, Esq. - Public Arbitrator, Presiding Chair
Stephen Paul Carrier - Public Arbitrator
Daniel T. McHugh - Non-Public Arbitrator

**Concurring Arbitrators' Signatures**

______________________
John Leonard Young, Esq.
Public Arbitrator, Presiding Chair

______________________
Signature Date

______________________
Stephen Paul Carrier
Public Arbitrator

______________________
Signature Date

[signature]
Daniel T. McHugh
Non-Public Arbitrator

8/24/2006
Signature Date

______________________
Date of Service (For NASD office use only)

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

JOSEPH R. KARSNER, IV
2294 Lighthouse Lane
Connolly Springs, North Carolina 28612

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

George S. Mahaffey Jr., Esq. (#MD15083)
Jeffrey J. Hines, Esq. (#406090)
Christopher Corchiarino, Esq.
Goodell, DeVries, Leech & Dann, L.L.P.
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4993

## DEFENDANTS

CHERYL TAYLOR
593 Sunset Drive
Hanover, Pennsylvania 17331
FINRA
1735 K Street, N.W.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

B.G. Brooks, Esquire
Terri Reicher, Esquire
FINRA
1735 K Street, N.W.
Washington, D.C. 20006
William B. Young, Jr., Esquire
Colling, Gilbert, Wright & Carter
2301 Maitland Center Parkway, Suite 240
Maitland, Florida 32751

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ⦿ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ⦿ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ⦿ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. *Antitrust*

- ☐ 410 Antitrust

### ○ B. *Personal Injury/ Malpractice*

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. *Administrative Agency Review*

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☒ E. *General Civil (Other)* OR ○ F. *Pro Se General Civil*

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

○ G. *Habeas Corpus/ 2255*

☐ 530 Habeas Corpus-General
☐ 510 Motion/Vacate Sentence

○ H. *Employment Discrimination*

☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)

*(If pro se, select this deck)*

○ I. *FOIA/PRIVACY ACT*

☐ 895 Freedom of Information Act
☐ 890 Other Statutory Actions (if Privacy Act)

*(If pro se, select this deck)*

○ J. *Student Loan*

☐ 152 Recovery of Defaulted Student Loans (excluding veterans)

○ K. *Labor/ERISA (non-employment)*

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Labor Railway Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

○ L. *Other Civil Rights (non-employment)*

☐ 441 Voting (if not Voting Rights Act)
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights
☐ 445 American w/Disabilities-Employment
☐ 446 Americans w/Disabilities-Other

○ M. *Contract*

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholder's Suits
☐ 190 Other Contracts
☐ 195 Contract Product Liability
☐ 196 Franchise

○ N. *Three-Judge Court*

☐ 441 Civil Rights-Voting (if Voting Rights Act)

**V. ORIGIN**

⦿ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

9 USC 9

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** ____ Check YES only if demanded in complaint
**JURY DEMAND:** YES ☐ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☒ NO ☐ If yes, please complete related case form.

DATE 11/5/7 SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.